# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:22-cr-644 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| JEREMIAH TORRENCE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

As part of the sentence in this case, the Court imposed substantial financial obligations on Defendant Jeremiah Torrence.  As relevant here, federal law mandates an order of restitution.  *See* 18 U.S.C. §§ 2259(b)(2), 3663(a)(3) & 3663A.  Mr. Torrence moves to defer his restitution obligation while in custody under Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that his current financial condition has caused significant hardship.  The United States opposes any modification to his restitution obligations.  For the reasons set forth below, the Court **DENIES** Mr. Torrence's motion.

## BACKGROUND

Mr. Torrence pled guilty to one count of enticement, in violation of 18 U.S.C. § 2422(b), one count of receipt of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2552A(a)(5)(B).  (Minutes, May 2, 2023.)

On August 17, 2023, the Court entered judgment against Mr. Torrence ordering, in part, payment of restitution in the amount of $43,000, a special assessment of $300, and the Justice for Victims of Trafficking Act assessment of $5,000—for a total of $48,300.  (ECF No. 23-1, PageID #536 & 539.)  Given Mr. Torrence's financial status, the Court determined that could not pay a fine.  (ECF No. 27, PageID #564.)  For restitution and other financial obligations, the Court ordered that Mr. Torrence "must pay 25% of [his] gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program."  (ECF No. 23-1, PageID #536.)

Mr. Torrence is currently serving a 120-month term of imprisonment at FCI Elkton where he enrolled in a payment plan through the Inmate Financial Responsibility Program.  (ECF No. 28, PageID #578–79.)  He agreed to pay $25.00 every three months toward his financial obligations.  (*Id.*)

Mr. Torrence earns money through his work in the prison's mess hall as an orderly and receives periodic $50.00 deposits from his family.  (*Id.*, PageID #579.)  Recently, Mr. Torrence was $0.60 short of his $25.00 payment and was placed in "refusal status."  (*Id.*, PageID #579–80.)  While in "refusal status," his prison wages were reduced to $5.00 for the month.  (*Id.*)

On July 29, 2024, Mr. Torrence moved to modify his restitution obligation under Rule 60(b)(6) and delay repayment of the restitution portion of his financial obligations until after his release from imprisonment.  (*Id.*, PageID #580.)  The United States opposes any modification to Defendant's restitution obligation, arguing

2

that he has failed to show good cause under any statutory standard why delaying his payments is warranted. (ECF No. 29, PageID #583.)

## ANALYSIS

Mr. Torrence moves under Rule 60(b)(6) to modify the judgment entry (ECF No. 23-1) to defer his restitution payments until after his release from imprisonment instead of requiring payments while incarcerated. Rule 60(b) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for [six enumerated] . . . reasons." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a catch-all provision which permits courts to a grant a motion for "any reason that justifies relief," Fed. R. Civ. P. 60(b)(6), in "unusual and extreme situations where principles of equity *mandate* relief," *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

## I. Modification of the Restitution Order

In general, "[a] sentence that imposes an order of restitution is a final judgment," which may not be modified absent application of an enumerated statutory exception. 18 U.S.C. § 3664(o). Mr. Torrence does not argue that any of the exceptions apply. Of the enumerated exceptions, the only one relevant here is a modification to a payment schedule upon showing a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Modification based on a material chance in circumstances is warranted "as the interests of justice require." *Id.* A movant bears the burden of proving "by a preponderance of the evidence, that . . . [his] current economic condition warrants such an adjustment." *United States v. Baird*, No. 3:03-

3

cr-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009) (citing Section 3664(e) & (k)).

Before the Court modifies a payment schedule, the movant must "notify the court and the Attorney General of any material change in [his] economic circumstances" and the Attorney General must then "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." 18 U.S.C. § 3665(k). This certification requirement is necessary where a person invokes the statute to receive a "deferment of restitution." *United States v. Carson*, 55 F.4th 1053, 1058–59 n.6 (6th Cir. 2022) (citing *United States v. Hill*, 205 F.3d 1342, at *1 (6th Cir. 1999) (unpublished)) (noting that the certification provision "is meant to protect the victim, not the person ordered to make restitution")).

Mr. Torrence does not cite any "material change" in his economic circumstances justifying the relief he seeks. At the time of sentencing, Mr. Torrence was unemployed, earned no income, and had no monthly expenses. (ECF No. 18, PageID #140–41.) While incarcerated, he has two sources of income, though quite small: prison wages and gifts from his family. Despite his low income in prison, if anything, Mr. Torrence's financial situation has marginally improved since sentencing.

If Mr. Torrence actually has had a material change in his economic circumstances, he has not indicated—either to the Attorney General or the Court—

4

such a change so that the Attorney General could notify the victims. Also, Mr. Torrence does not provide any documentation or evidence supporting his claims.

In sum, a modification of Mr. Torrence's restitution to defer payments until after release from incarceration is not warranted. *See United States v. Corbin*, No. 16-20259, 2023 WL 3094109, at *2 (E.D. Mich. Apr. 26, 2023) (finding modification of a defendant's restitution payment schedule under Section 3664(k) unwarranted where his economic circumstances had improved since sentencing due to support from his family and Covid-era stimulus payments); *Hill*, 205 F.3d at *1 (holding that the district court did not abuse its discretion in denying the defendant's request to defer restitution payments because he "did not attach any proof regarding his financial status or current income to the motion").

## II. Modification of the Payment Schedule

The Bureau of Prisons' Inmate Financial Responsibility Program enables prisoners to work and earn a minimal wage to pay court-ordered financial obligations, such as restitution. The program aims to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. While participation in the program is voluntary, *United States v. Diehl*, 848 F.3d 629, 633 (6th Cir. 2017), a court may order participation in the program as a condition of sentencing. *See Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001) (citing *Whitehead v. United States*, 155 F.2d 460, 462 (6th Cir. 1946)). Inmates who do not participate lose certain privileges. 28 C.F.R. § 545.11(d). Additionally, federal law dictates how the Bureau of Prisons develops an inmate's financial plan, including a review of the

inmate's specific financial obligations, institutional resources, and community resources. *See generally* 28 C.F.R. § 545.11.

To the extent that Mr. Torrence challenges his payment schedule in the program, his challenge fails because modification due to a material change in economic circumstances under Section 3664(k) does not present the proper statutory vehicle for his request. While the Sixth Circuit has not addressed application of Section 3664(k) in the context of challenges to payment schedules in the Program, other courts have determined that Section 3664(k) does not provide courts with the authority to modify such payments. *See United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009) (holding that Section 3664(k) only applies to modify payment schedules that the sentencing court establishes); *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). Similarly, the Sixth Circuit has emphasized that there is no "constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004).

Accordingly, the Court lacks the authority to adjust Mr. Torrence's payment schedule in the Program. *Id.*; *United States v. Allen*, No. 14-cr-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021). Because a challenge to the payment schedule is effectively a challenge to the "execution or manner in which [his] sentence is served," Mr. Torrence's request to modify his payment schedule and suspend payments is more appropriately construed as a motion for federal habeas corpus relief

6

under 28 U.S.C. § 2241.  *Taylor v. Owens*, 990 F.3d 493, 495–96 (6th Cir. 2021); *see also Fontanez v. O'Brien*, 807 F.3d 84, 87 (8th Cir. 2015) (collecting cases).

Federal prisoners must exhaust their administrative remedies before filing a Section 2241 petition.  *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006).  Where administrative remedies "are as likely as the judicial remedy to provide the desired relief, a district court should dismiss the suit for failure to first exhaust administrative remedies rather than address the merits of the claim." *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir. 1987).  Therefore, even if construed as a motion under Section 2241, Mr. Torrence has not offered any argument or proof that he pursued avenues available to him through the Bureau of Prisons to modify his restitution payments or resolve any issues regarding his recent $0.60 shortage.  In the first instance, Mr. Torrence must exhaust his options with the Bureau of Prisons.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Torrence's motion to modify his restitution obligation.  He is not entitled to relief under Rule 60(b) and has not demonstrated that "the interests of justice require" a modification to his payment schedule. *See* 18 U.S.C. § 3664(k).  Additionally, if construed as a motion under Section 2241 to modify his payment schedule, Mr. Torrence fails to show that he exhausted his administrative remedies with the Bureau of Prisons.

**SO ORDERED.**

Dated:  August 15, 2024

                                      J. Philip Calabrese  
                                      United States District Judge  
                                      Northern District of Ohio